E-FILED
Thursday, 09 July, 2026 04:40:43 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-cr-30023 |
| | ) | |
| ERIC JOHNSON,<br>Defendant. | ) | |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court are Defendant Eric Johnson's Motion to Suppress Evidence (Doc. 35) and Amended Motion to Suppress (Doc. 45). The Court has considered the evidence presented during the evidentiary hearings along with the parties' briefs. For the reasons that follow, Defendant's motions are denied.

## I.    BACKGROUND

Defendant is charged by Indictment with one count of possession with intent to distribute marijuana, one count of possessing a firearm during and in furtherance of a drug trafficking crime, and one count of possessing a firearm as a convicted felon. Defendant argues the following bases in support of his motion to suppress: 1) he was subjected to an unlawful traffic stop when he was cited for failing to come to a complete stop in a private parking lot; 2) he was unlawfully detained for more than ten minutes when the officer did not advance the alleged purpose of the traffic stop and there was no reasonable suspicion of criminal activity; 3) he was subjected to an illegal arrest without probable cause when Officer Riebeling "attempted to handcuff him—without warning

and for no apparent reason" before being arrested for resisting and/or obstructing by trying to flee the car; and 4) the search of his vehicle was illegal as it was conducted without a warrant, consent, or any applicable exception to the warrant requirement. The Government contends the traffic stop was lawful because Defendant did not come to a complete stop before exiting the parking lot and Officer Riebeling developed independent reasonable articulable suspicion of criminal activity when Defendant became argumentative and attempted to exit the police vehicle. Upon his arrest, Defendant's vehicle was towed, searched pursuant to policy, and evidence was seized by officers.

The motion hearing was held over the course of three days. Following the first hearing, Defendant obtained leave to file an Amended Motion to Suppress "to more fully plead his position that Officer Riebling's basis for this traffic stop, according to his testimony on February 25, 2026, and the Government's arguments, is still not a lawful basis for a traffic stop, as it is still a purported violation of the Illinois Rules of the Road (625 ILCS 5/11-100 *et seq.*) which is not applicable to private roads or other property." (Doc. 44). On May 14, 2026, the Government filed a Supplemental Response (Doc. 54) to Defendant's Amended Motion to Suppress.

## II.    DISCUSSION

### A. Legality of Traffic Stop

Defendant first argued the traffic stop was illegal because it was based on an alleged stop sign violation occurring on private property, which he claimed does not provide a lawful basis for the stop under Illinois law. The Government responded by

stating Defendant was stopped for failing to yield or come to a complete stop when entering a roadway from private property, that being the parking lot for a Walgreens store located on East Clear Lake Avenue in Springfield, Illinois. At the hearing, Officer Riebeling credibly testified Defendant did not come to a complete stop when exiting the Walgreens lot onto Hill Street. In his Amended Motion to Suppress, Defendant alleges Hill Street is a private road on private property and failing to stop when exiting a private parking lot onto a private road is not an offense under Illinois law.

"Traffic stops are seizures, so they must be reasonable under the circumstances." *Whren v. United States*, 517 U.S. 806, 809 (1996). A police officer may stop a vehicle if the officer has reasonable suspicion of a traffic violation. *United States v. Cole*, 21 F.4th 421, 427 (7th Cir. 2021). This applies even to minor traffic infractions. *United States v. Jackson*, 962 F.3d 353, 357 (7th Cir. 2020). The question is whether the officer reasonably believed the driver committed a traffic violation, not whether the driver actually committed a traffic violation. *See Cole*, 21 F.4th at 428; *United States v. Stanbridge*, 813 F.3d 1032, 1037 (7th Cir. 2016) (noting that "a police officer's *objectively reasonable* mistake of law can provide reasonable suspicion for a seizure"). "Even the reasonable belief that a driver committed a minor traffic infraction will support a stop." *Jackson*, 962 F.3d at 357. "The government bears the burden of proving by a preponderance of the evidence that reasonable suspicion supported the traffic stop." *Jackson*, 962 F.3d at 357.

The testimony and evidence presented established that Hill Street was a public roadway and thus subject to Illinois' traffic laws. The Government has established by a preponderance of the evidence that Officer Riebling had reasonable suspicion to stop

Defendant for failing to yield when entering a roadway from private property — the Walgreens parking lot — which is a violation under 625 ILCS 5/11-1205. *See United States v. Phillips*, 2024 WL 3842092, at *3 (7th Cir. 2024). At the very least, it was clear based on Officer Riebeling's testimony that he reasonably believed Defendant committed a traffic violation. Thus, the traffic stop of Defendant was lawful.

### B. Length of Detention

Defendant next contends he was subject to prolonged detention when Officer Riebeling detained him for over ten minutes without writing a ticket or warning or otherwise advancing the purported basis of the traffic stop, all while lacking reasonable suspicion of criminal activity. Defendant asserts this prolonged detention was not justified by any new information or observations that would warrant further investigation.

"[A] police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures." *Rodriguez v. United States*, 575 U.S. 348, 350 (2015). A seizure justified only by a traffic violation "become[s] unlawful if it is prolonged beyond the time reasonably required to complete th[e] mission of issuing a ticket for the violation." *Id.* at 350–51 (internal quotation marks omitted). That mission may include "determining whether to issue a traffic ticket" and pursuing "ordinary inquiries incident to the traffic stop," such as "checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance."

*Cole*, 21 F.4th at 428. Questions about the driver's travel plans "ordinarily fall within the mission of a traffic stop." *Id.* at 429.

A stop can be prolonged, however, if an officer has developed a "reasonable suspicion that criminal activity is afoot." *Matz v. Klotka*, 769 F.3d 517, 522 (7th Cir. 2014). Reasonable suspicion requires more than a "hunch" but "the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard." *Cole*, 21 F.4th at 433 (internal quotation marks omitted). "Whether a lawful stop extends so long that it raises constitutional concerns turns on reasonableness." *United States v. Gholston*, 1 F.4th 492, 496 (7th Cir. 2021).

Upon conducting the traffic stop, Officer Riebeling asked Defendant to sit in the front seat of Riebeling's vehicle while he completed the mission of the traffic stop. Officer Riebeling testified that it can take 12 to 16 minutes to conduct a traffic stop and write a citation. He stated it typically takes longer when, as here, the driver is not from Illinois. Officer Riebeling testified it is standard practice for him to ask travel plan questions as part of a traffic stop. Defendant told the officer he moved from Texas to Michigan, and he had just traveled from St. Louis where he dropped off some of his "girlfriend's stuff" or his girlfriend's friend and was en route to Chicago before eventually returning to Michigan. He stated he possibly was moving back to Texas because he and his girlfriend had broken up but were trying to work things out. Defendant appeared increasingly frustrated as the questions continued, particularly when Riebeling asked the name of his girlfriend's friend and later when he asked if there was any cannabis in the vehicle.

Officer Riebeling reasonably believed Defendant's answers to be inconsistent. After asking Defendant if the vehicle contained anything illegal, Officer Riebeling informed Defendant he was going to run his dog around the vehicle. It appeared Officer Riebeling then retrieved his handcuffs, and Defendant opened the passenger door, where Officer Grant Harding was waiting and Defendant did not make a further move to exit the vehicle. Officer Riebeling testified that by opening the door, Defendant attempted to flee the police vehicle and interfered with his ability to walk the dog around Defendant's vehicle. The officers eventually deployed a taser and arrested Defendant for obstructing the investigation. Defendant was sitting in the police vehicle for just under nine minutes before Officer Riebeling initiated the arrest. This was approximately ten minutes after Riebeling first made contact with Defendant at Defendant's vehicle.

It is apparent from the video that Defendant believed Officer Riebeling's questions far exceeded the scope of a violation for failure to yield or come to a complete stop when entering a roadway from private property. However, the officers were entitled to conduct "ordinary inquiries incident to the traffic stop" and ask about Defendant's travel plans. Furthermore, a traffic stop of ten minutes to perform these tasks is not unreasonable. *See United States v. Lewis*, 920 F.3d 483, 492-93 (7th Cir. 2019) (determining officer did not unreasonably prolong the stop in issuing a warning about 10 minutes and 50 seconds

after pulling the driver over). Thus, the Court concludes the traffic stop was not unreasonably extended beyond its original mission.[1]

### C. Illegal Arrest without Probable Cause and Search of Vehicle

Defendant next alleges he was arrested without probable cause when, after he refused to consent to a search or dog sniff, Officer Riebeling attempted to handcuff him — without warning and for no apparent reason. Upon protesting this, Defendant was told he was under arrest for "resisting." He was eventually tased and arrested. The video shows that Defendant became increasingly combative with Officer Riebeling when Riebeling told him he was going to conduct a K-9 sniff, repeatedly telling the officer it was illegal. The Government contends Defendant tried to take his license and rental paperwork from Officer Riebeling before attempting to exit the police vehicle. The video appears to at least show Defendant gesturing with his hands in requesting the officer return his license and documents. Then, Defendant opened the passenger door as Officer Riebeling displayed handcuffs. Officer Harding testified this move by Defendant and the possibility he might attempt to flee on foot gave rise to officer safety concerns. Based on these circumstances, the Court concludes the officers had probable cause to arrest Defendant for obstructing the investigation or attempting to flee. Furthermore, after being told he was under arrest, Defendant then physically resisted arrest.

---

[1] The Court further finds that Officer Riebeling developed a reasonable articulable suspicion of other criminal activity during that stop, given Defendant's answers to travel-related questions and Defendant's increased frustration at Riebeling's questions.

Defendant next contends the search of his vehicle was unlawful because his arrest was illegal. Having determined Defendant's arrest was lawful, however, the Court concludes the search of Defendant's vehicle was a proper inventory search. *See United States v. Cartwright*, 630 F.3d 610, 613 (7th Cir. 2010) (citing *South Dakota v. Opperman*, 428 U.S. 364, 376 (1976)) (noting that "[i]nventory searches constitute a well-recognized exception to the warrant requirement and are reasonable under the Fourth Amendment" and "local police departments routinely inventory and secure the contents of impounded vehicles").

## III.    CONCLUSION

Upon reviewing the record and considering the credible testimony of the officers, the Court finds the traffic stop was valid and Defendant was not unlawfully detained without reasonable suspicion or illegally arrested without probable cause. Therefore, Defendant's Motion to Suppress Evidence (Doc. 35) and Amended Motion to Suppress Evidence (Doc. 45) are DENIED.

ENTER: July 9, 2026

/s/ Colleen R. Lawless
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE